UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID A. NELSON,**

       **Plaintiff,**

  v.                                   Civil Action 1:23-cv-379
                                          Judge Susan J. Dlott
                                          Magistrate Judge Chelsey M. Vascura

**LORAIN CORRECTIONAL
INSTITUTION,** *et al.***,**

       **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, David A. Nelson, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against his current and former facilities of incarceration arising out of an allegedly false conduct report that resulted in an increase in Plaintiff's security level and placement in solitary confinement. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $2.32 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A761586) at Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and

the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

4

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

Plaintiff alleges that he was falsely accused of stabbing another inmate, and as a result he was issued a false conduct report, his security level was increased, and he was placed in solitary confinement for an unspecified amount of time. (Compl. 5, ECF No. 1-1.) Plaintiff contends that these actions violated his rights to due process under the Fourteenth Amendment and to be free of cruel and unusual punishment under the Eighth Amendment. (*Id.*) Plaintiff seeks damages and injunctive relief.

First, to the extent Plaintiff's claims rely on the issuance of a false conduct report, he has failed to state a claim. "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012))), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a

constitutional right."). It is therefore **RECOMMENDED** that Plaintiff's claim for issuance of a false conduct report be **DISMISSED**.

Plaintiff has also failed to plausibly allege a due process claim. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged that his increase in security level or placement in solitary confinement amounted to a deprivation of a constitutionally protected interest. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey*, 420 F.3d at 577 (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).

Here, Plaintiff has not alleged that his increase in security level or placement in solitary confinement resulted in any atypical and significant hardship in relation to the ordinary incidents of prison life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim be **DISMISSED.**

Similarly, placement in segregated housing is insufficient to constitute an Eighth Amendment violation. "To move beyond the pleading stage in this setting, an inmate must allege that he has been deprived 'of the minimal civilized measure of life's necessities.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "Alleging that prison conditions 'are restrictive and even harsh' does not suffice because such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotation marks and citations omitted). It follows that, "[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Accordingly, "[t]he mere fact that [Plaintiff] was placed in detention, with nothing more, is insufficient to state an Eighth Amendment claim." *Id.* Because Plaintiff has not pleaded any injury beyond placement in solitary confinement for an unspecified

7

period of time, it is **RECOMMENDED** that Plaintiff's Eighth Amendment claim be **DISMISSED**.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) and (2) (ECF No. 1) is **GRANTED**. In addition, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE