IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| David A. Nelson, | : | Case No. 1:23-cv-379 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and |
| | : | Recommendation and Dismissing Case |
| Lorain Correctional Institution, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. 2)

entered by Magistrate Judge Chelsey M. Vascura. The Magistrate Judge performed an initial

screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and recommends

dismissing this action for failure to state a claim. For the reasons that follow, the Court will

**ADOPT** the R&R and dismiss with prejudice this action.

I.      **PROCEDURAL HISTORY**

Plaintiff David Nelson, an Ohio inmate who is proceeding without the assistance of

counsel, initiated this suit by filing a Motion to Proceed *In Forma Pauperis* with a proposed

attached Complaint. (Docs. 1, 1-2.) Nelson alleges that on April 14, 2023, he was falsely

accused of stabbing an inmate. (Doc. 1-2 at PageID 11.) He claims that as a result, a false

conduct report was filed against him, his security level was increased, and he was held in solitary

confinement. (*Id.*) Nelson alleges these actions violated his Fourteenth Amendment due process

rights and Eighth Amendment right to be free from cruel and unusual punishment. (*Id.*) He

seeks damages and injunctive relief. (*Id.* at PageID 11–12.)

The Magistrate Judge granted Nelson's request to proceed *in forma pauperis*, and then

conducted a sua sponte review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to

determine if the suit is frivolous, fails to state a claim, or was filed against a defendant who is immune from suit.  (Doc. 2.)  The Magistrate Judge recommends dismissing the case with prejudice because Nelson fails to state a claim for which relief may be granted.  (*Id*. at PageID 29–31.)  Nelson did not file objections to the R&R.

## II.    STANDARD OF LAW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them.  Parties then have fourteen days to make file and serve specific written objections to the report and recommendations.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party files objections to a report and recommendation on a dispositive matter, a district judge must review it under the *de novo* standard.  *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report."  *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made.").  Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error.  *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

### III.    ANALYSIS AND CONCLUSION

The Court finds no clear error in the Magistrate Judge's recommendation to dismiss Nelson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Magistrate Judge correctly cited and applied the law to Nelson's claims.  Nelson has no constitutional right to be free from false accusations of misconduct during his incarceration.  *See Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (prisoner failed to state a claim for relief from being wrongly cited for violating a prison rule, because prisoner has no constitutional right to be free from false accusations of misconduct).  Nelson's due process claim also fails because he has not alleged that his increase in security level or placement in solitary confinement amounts to a deprivation of a constitutionally protected interest.  *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (rejecting prisoner equal protection and due process claims over security classification because a prisoner has no constitutional right to remain incarcerated in a particular prison or be held to a specific security classification).  Finally, placement in segregated housing does not amount to an Eighth Amendment violation.  *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (allegations of placement in segregation did not rise to an Eighth Amendment violation, as it is a "routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society[.]" (citation removed)).   The undersigned agrees with the Magistrate Judge's analysis and conclusions.

Based on these precedents, the Court finds that the Magistrate Judge was correct to recommend dismissal of the Complaint.  The R&R (Doc. 2) is **ADOPTED**, and the case is **DISMISSED WITH PREJUDICE**.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge